UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY THOMAS,                                    No. C 09-5854 MHP (pr)

    Petitioner,                              **ORDER OF DISMISSAL**

    v.

UNITED STATES PAROLE COMMISSION,

    Respondent.
                                    /

## INTRODUCTION

Ricky Thomas, an inmate currently in the Federal Transfer Center in Oklahoma and formerly an inmate at FCI-Dublin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is now before the court for review pursuant to 28 U.S.C. §2243.

## BACKGROUND

According to the habeas petition, Thomas was convicted of bank robbery and conspiracy in 1987 and was sentenced to 35 years in prison in United States v. Thomas, No. CR 96-1008 CAL. His sentencing occurred so long ago that he is subject to the federal parole system, or to the transitional provisions, that existed before the federal sentencing guidelines existed.

Thomas was released from federal prison in June 2003. In November 2003, he was arrested by California authorities for attempted robbery. He was convicted and served his state prison sentence from which he was released on November 20, 2008. He also was in state prison from March 13, 2009 until August 5, 2009 serving a term on a parole violation.

1   Apparently upon completion of his state parole violation term, Thomas was taken into federal
2   custody by the U.S. Marshal on a November 5, 2003 "violator warrant" from the U.S. Parole
3   Commission.  A preliminary interview was conducted on September 4, 2009, at which time
4   probable cause was found for all the charges against him.  Thomas remains in custody.

     Although the event that apparently prompted the petition was Thomas being arrested on a parole violation by federal authorities, the petition does not challenge whether he violated parole and instead challenges whether he should have been on parole at all at that time.

## DISCUSSION

Giving it the liberal construction to which it is entitled, the pro se petition appears to challenge Thomas' original sentence that included a parole term that allowed his current incarceration.  Thomas contends that the sentence imposed violates the Ex Post Facto Clause of the U.S. Constitution.  See Petition, p. 4 ("The 1987 amendment (December 7, 1987) then, and still today, disadvantage Petitioner"); id. ("The 1987 amendment operated as an ex post facto law when it was applied.")  He also appears to complain about the imposition of consecutive sentences in 1987.  Petition, pp. 5-6.

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence.  See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988).  A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion).  Thomas' ex post facto and consecutive sentencing claims pertain to the sentence originally imposed in 1987 rather than the execution of the sentence.  The claims therefore must be brought under § 2255 rather than § 2241.  Although Thomas must assert his challenges to the sentence imposed in a § 2255 motion, the problem for him is that it would be his second § 2255

1  motion.   His first § 2255 motion was filed and denied in 1996.  See United States v.
2  Thomas, No. CR 96-1008 CAL (docket # 355, # 361).
3       A second or successive § 2255 motion may not be filed in this court unless the
4  petitioner/movant first obtains from the United States Court of Appeals for the Ninth Circuit
5  an order authorizing this court to consider the motion.  28 U.S.C. § 2255(h).  Thomas has not
6  obtained the necessary order from the Ninth Circuit permitting him to file a second or
7  successive § 2255 motion.  This court will not entertain a new § 2255 motion from Thomas
8  until he first obtains permission from the Ninth Circuit to file it.

## CONCLUSION

This action is DISMISSED without prejudice to Thomas filing a § 2255 motion in this court after he obtains the necessary order from the Ninth Circuit.

If Thomas wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255(h)" rather than labeling it as a habeas petition or § 2255 motion because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition or § 2255 motion.  He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA  94103), rather than to this court.  In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2255.

Petitioner's motion to proceed in forma pauperis is DENIED as unnecessary because he paid the filing fee.  (Docket # 3.)

IT IS SO ORDERED.

DATED:  April 23, 2010

Marilyn Hall Patel
United States District Judge

3